IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOE HAND PROMOTIONS, INC.

 Plaintiff,

v.                      1:17-cv-00928-JCH-SCY

MARTIN DOMINIC SERNA,
EUGENE MARTINEZ, and
HATCHA'S GRILL OF ANGEL FIRE, LLC
d/b/a H2 UPTOWN

 Defendants.

### CORRECTED ORDER DENYING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT

  This matter is before the Court on Plaintiff's Motion for Entry of Default Judgment (Motion), ECF No. 12, and Plaintiff's Response to Order to Show Cause and Request for Telephonic Damages Hearing, ECF No. 14 ("Pl.'s Resp."). The Clerk of Court filed the Clerk's Entry of Default Judgment on December 14, 2017 against all Defendants for having failed to plead, appear, or otherwise defend in this case. *See* ECF No. 11. However, after reviewing the Proofs of Service, *see* ECF Nos. 5-7, the Court was concerned that Defendants were not served process in accordance with Federal Rule of Civil Procedure 4. The Court therefore ordered Plaintiff to "submit a written brief to the Court setting forth its analysis of why service of process on" a person named Rachel Mayo "constitute[d] proper service on an officer, a managing or a general agent or to any other agent authorized by appointment, by law or by this rule to receive service of process in accordance with Fed. R. Civ. P. 4." Order to Show Cause 4, ECF No. 13 ("OSC").

Having reviewed Plaintiff's Response to Order to Show Cause, the Court is not satisfied that Rachel Mayo was an agent authorized to receive service of process. Plaintiff's Motion for Entry of Default Judgment is denied.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, a Pennsylvania based corporation, distributes and licenses sporting events to restaurants and similar establishments. Pl.'s Compl., ¶ 8, ECF No. 1. It holds exclusive commercial distribution rights to broadcast *Ultimate Fighting Championship® 203: Miocic v. Overeem* ("UFC 203"), which was telecasted nationwide in September 2016 via a satellite signal to satellite television companies. *Id.* ¶¶ 1, 9. Plaintiff alleges that Defendant Hatcha's Grill of Angel Fire, LLC d/b/a H2 Uptown in Angel Fire, New Mexico – of which Defendants Martinez and Serna are allegedly officers or owners of – illegally broadcasted UFC 203 without obtaining a license or paying a fee. *Id.* ¶ 11. A year later, on September 9, 2017, Plaintiff filed this lawsuit against Defendants under the Television Consumer Protection and Competition Act, 47 U.S.C. § 553 and the Communications Act, 47 U.S.C. § 605 for allegedly pirating Plaintiff's exclusive rights to broadcast UFC 203 without authorization from Plaintiff.

On October 24, 2017 Plaintiff filed three Proofs of Service, one for each Defendant. *See* ECF Nos. 5-7. Each Proof of Service indicated that the service processor left a copy of the summons and amended complaint with a person named Rachel Mayo, stating that she was "designated by law to accept service of process" on behalf of each Defendant. *Id.*

When no answer was filed, Plaintiff moved for entry of default on the docket. *See* ECF No. 9. On December 14, 2017, the Clerk of Court granted Plaintiff's request for entry of default and filed its Entry of Default against Defendants for their failure to plead, appear, or otherwise defend in this case. *See* ECF No. 11. On April 18, 2018, Plaintiff filed the current Motion for

Entry of Default Judgment, stating that Defendants were personally served. Plaintiff requested a hearing on damages under Fed. R. Civ. P. 55(b)(2) and sought alternative statutory damages of up to $110,000 for violating the Communications Act or $60,000 for violating the Television Consumer Protection and Competition Act, as well as attorneys' fees, costs of litigation, and any other just and proper relief. *See* Prayer for Relief, a-d, ECF. No. 1.

In its Order to Show Cause, the Court explained that it had taken judicial notice that the New Mexico Office of the Secretary of State, Corporations Division, listed the "Registered Agent" for Defendant Hatcha's Grill of Angle Fire LLC as "Martin Dominic Serna." *See* OSC at 3. The Office of the Secretary of State website stated that Hatcha's Grill of Angle Fire LLC's organizers were Eugene Martinez and Martin Serna. As the Court explained, "[t]here is nothing in the record to suggest that Rachel Mayo, the person on whom process was served, is an officer, managing agent, general agent, or any other agent authorized by law to receive service on behalf of Defendants." *Id*

In its response to the Court's Order, Plaintiff explained that Hatcha's Grill has two addresses – a street address and a mailing address. Pl.'s Resp. at 2-3. On September 26, 2017, the process server, David Danemann, first attempted to serve process at Hatcha's Grill's street address, but found the business closed for a private event. Affidavit of David Danemann, ¶ 3, ECF No. 14-2 ("Danemann Aff."). Danemann then went to Hatcha's Grill's mailing address listed on the Secretary of State's website. *Id*. A few businesses were in the area, but Danemann could not locate Hatcha's Grill. *Id*. Danemann asked a neighbor gallery owner where he could find Defendant Martin Serna, and the gallery owner said Serna could be found at Hatcha's Grill. *Id*.

Danemann returned to Angel Fire on October 14, 2017. *Id*. ¶ 4. He went to Hatcha's Grill, entered, and asked a woman working there for Martin Serna and Eugene Martinez. *Id*. She said they were not in, so Danemann asked to speak to a manager. *Id*. She responded that she was the manager and introduced herself as Rachel Mayo. *Id*. Hearing this, Danemann handed Mayo the summons and left. *Id*.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 55 sets out a two-step process for a party seeking a default judgment. A party seeking such a judgment must first obtain the clerk's entry of default against the opposing party. *See* Fed. R. Civ. P. 55(a). The clerk will issue an entry of default when the moving party shows the Court through an affidavit or otherwise that the opposing party "has failed to plead or otherwise defend." *Id*. Second, the party must move the court to enter a default judgment. *See* Fed. R. Civ. P. 55(b). Although the Federal Rules of Civil Procedure authorize default judgments, the Court of Appeals for the Tenth Circuit has described them as a "disfavored" remedy. *See Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990). Before entering a default judgment "the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." *Williams v. Life Sav. and Loan*, 802 F.2d 1200, 1202-03 (10th Cir. 1994).

## III. ANALYSIS

Because the Court has an affirmative duty to examine its jurisdiction, *see id*., the Court asks whether service of process on Defendants was proper. Plaintiff bears the burden of establishing the validity of service. *See Fed. Deposit Ins. Corp. v. Oaklawn Apts.*, 959 F.2d 170, 174 (10th Cir. 1992). Fed. R. Civ. P. 4 governs service of process on a corporation, partnership, or association. Rule 4 provides, in pertinent part, that proper service upon such an entity must be

made "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . ." Fed. R. Civ. P. 4(h)(1)(B). Alternatively, the rule provides that service on a corporation or partnership may be performed "in the manner prescribed by Rule 4(e)(1) for serving an individual." Fed. R. Civ. P. 4(h)(1)(A). Rule 4(e)(1), in turn, provides that service may be made in conformity with state law for serving summons.

The applicable state law is Rule 1-004(G), N.M.R.A 2017, which governs service upon a corporation or other business entity. Rule 1-004(G)(1) provides:

> Service may be made upon:
>
> (a) a domestic or foreign corporation, a limited liability company or an equivalent business entity by serving a copy of the process to an officer, a managing or a general agent or to any other agent authorized by appointment, by law or by this rule to receive service of process. If the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant;

N.M.R.A. 1-004(G)(1)(a).

Another subsection of the rule provides that "[i]f none of the persons mentioned is available, service may be made by delivering a copy of the process or other papers to be served at the principal office or place of business during regular business hours to the person in charge." N.M.R.A. 1-004(G)(2).

Plaintiff contends that Rachel Mayo was a "managing agent" under Rule 1-004(G)(1)(a). Alternatively, Plaintiff argues that if Mayo was not a managing agent, then service on her was still proper under Rule 1-004(G)(2) because she was "the person in charge" while Serna and Martinez were unavailable.

5

### a. Whether Mayo was a "Managing Agent"

Plaintiff has not cited, and the Court has not found, any New Mexico authority defining who qualifies as "managing agent." The Court of Appeals for the Sixth Circuit defined a managing agent as one who is "authorized to transact all business of a particular kind at a particular place and must be vested with powers of discretion rather than being under direct superior control." *Bridgeport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615, 624 (6th Cir. 2004) (citing *Grammenos v. Lemos,* 457 F.2d 1067, 1073 (2d Cir.1972)). *See also Rogers v. Washington Fairmont Hotel*, 404 F.Supp.2d 56, 58 (D.D.C. 2005) (applying similar definition to hold that hotel's human resources director who performed his duties under the supervision of the hotel's general manager was not a managing agent because he did not manage the hotel's daily operations or exercise management powers.)

Here, Plaintiff points to the bare fact that Mayo identified herself as a manager without describing the extent of Mayo's management powers. Plaintiff has not explained what level of discretion Mayo exercised, whether she performed her duties unsupervised, or even what her role as a manager was. In other words, Plaintiff has not outlined Mayo's managerial responsibilities sufficiently for the Court to conclude that Mayo was a managing agent. Plaintiff does not even appear to know what Mayo's role was; Plaintiff suggests she was perhaps a "bar manager." However, that definition still provides no answer on whether she was able to "transact all business of a particular kind" to make her a managing agent authorized to accept service of process. *See Bridgeport Music, Inc*., 376 F.3d at 624; *cf. Tietex Interiors v. Am. Furniture Mfg., Inc.*, No. 1:06CV503, 2008 WL 906318, at *5 (M.D.N.C. Apr. 1, 2008) (individual who had authority to sign business contracts qualified as managing agent.) Plaintiff's assertion that Mayo was authorized to accept service on behalf of Defendants simply because she was manager is

unavailing. *See Staudinger v. Hoelscher, Inc.*, 166 F. Supp. 2d 1335, 1339 (D. Kan. 2001) (Plant manager was not authorized merely by virtue of that position to accept service of process for the president and owner of the plant). Nor is Mayo's self-identification as the manager to Plaintiff's service processor sufficient to show that she was an agent authorized to accept service of process since an "agent's authority to act cannot be established solely from the agent's actions; the authority must be established by an act of the principal." *Vazquez-Robles v. CommoLoCo, Inc.*, 757 F.3d 1, 6 (1st Cir. 2014) (citing *FDIC v. Oaklawn Aptmts.,* 959 F.2d 170, 175 (10th Cir.1992)). The Court finds that Plaintiff has failed to carry its burden of proof to show that Rachel Mayo was a "managing agent" under Rule N.M.R.A. 1-004(G)(1)(a).

      b.      **Whether Mayo was the "Person in Charge"**

Plaintiff has not cited New Mexico authority interpreting Rule 1-004(G)'s alternative method of service of process on "the person in charge." N.M.R.A. 1-004(G)(2). This method of service is permissible when "none of the persons mentioned [*i.e.* "an officer, a managing or a general agent or to any other agent authorized by appointment, by law or by this rule to receive service of process" under Rule 1-004(G)(1)(a)] is available." N.M.R.A. 1-004(G)(2). Plaintiff contends that Danemann asked around for Serna and Martinez on September 26, 2017 and then again on his return trip on October 14, 2017, and could not locate them. Plaintiff therefore contends the Defendants were unavailable under Rule 1-004(G)(2), and that Danemann properly served Mayo, the person who appeared in charge. However, for many of the same reasons articulated above, the Court is not convinced that Mayo was in charge for purposes of receiving process on Defendants' behalf. The process server's statement contains no information regarding Mayo's authority or control over Defendants' place of business. Plaintiff has not carried its

burden of proof to show that Mayo was authorized to accept service of process on Defendants' behalf.

**IT IS THEREFORE ORDERED that** Plaintiff's Motion for Entry of Default Judgment **[ECF No. 12]** is **DENIED**.

**IT IS FURTHER ORDERED that** the Court's entry of Final Judgment under Federal Rule of Civil Procedure 58 **[ECF No. 17]** is **WITHDRAWN**.

Under Federal Rule of Civil Procedure 4(m) the Court grants Plaintiff 30 days after entry of this Order to properly serve Defendants in accordance with the applicable rules described herein. Failure to comply with this Order will result in dismissal of Plaintiff's case.

**IT IS SO ORDERED**.

_____
UNITED STATES DISTRICT JUDGE